**10 CV 5362**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AMPERION, INC.,

                    Plaintiff,

    - against -

CURRENT GROUP, LLC, CURRENT
COMMUNICATIONS SERVICES, LLC, CURRENT
TECHNOLOGIES, LLC, and ONCOR ELECTRIC
DELIVERY COMPANY LLC,

                    Defendants.

------------------------------------------------------------x

COMPLAINT

CIV. NO.  10 cv 5362 (NRB)
ECF Case

JURY TRIAL DEMANDED
ON ALL CLAIMS
WARRANTING A JURY
TRIAL



RECEIVED JUL 14 2010 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Amperion, Inc. ("Amperion"), by its attorneys, Fensterstock & Partners LLP, for its complaint against Current Group, LLC, Current Communications Services, LLC, Current Technologies, LLC (hereinafter referred to jointly as "Current" unless otherwise stated) and Oncor Electric Delivery Company LLC ("Oncor"), alleges as follows:

### INTRODUCTION

1.    This case arises out of Defendants' wilfull infringement of Amperion's patents for broadband over powerline technology ("BPL") in violation of federal patent law and the laws of unfair competition, resulting in damages to Amperion in an amount not less than $20,000,000, warranting the award of punitive damages of not less than $100,000,000, and justifying the granting of an injunction against Defendants' continuing wrongful acts. Defendants' wrongful conduct is intentionally directed at appropriating to themselves Amperion's patent technology and destroying the enterprise value of Amperion in order to gain a larger part of the BPL market for themselves.

## PARTIES

2.    Amperion is a Delaware Corporation with its principal place of business at 360 Merrimack Street, Riverwalk Building 9, Lawrence, Massachusetts 01843.

3.    Current Group, LLC is a Delaware limited liability company with its principal place of business at 20420 Century Boulevard, Germantown, Maryland 20874 and has a registered agent for service of process at CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

4.    Current Communications Services, LLC is a Delaware limited liability company with its principal place of business in Rochester, New York, has a registered agent for service of process at CT Corporation System, 111 Eighth Avenue, New York, New York 10011, operates as a BPL provider for the residential and small business customers, and operates as a subsidiary of Current Group, LLC.

5.    Current Technologies, LLC is a Delaware limited liability company with its registered agent for service of process at CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

6.    Oncor Electric Delivery Company LLC is a Delaware limited liability company with its principal place of business at 1601 Bryan Street, Dallas, Texas 75201. Oncor regularly does business in this District, conducts exchange offers in this District, utilizes Banks for financing in this District, designates Banks in this District as its Exchange Agent, and subjects itself to New York Law and New York jurisdiction.

## JURISDICTION AND VENUE

7.    Subject matter jurisdiction is proper in this Court under 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1338 (patent and unfair competition jurisdiction), and 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act).

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)-(c) and §1400(b).

9. This Court has personal jurisdiction over Current and Oncor because defendants have designated a registered agent in this District, conduct substantial business in this District and/or regularly solicit business from and conduct business in this District, and have committed tortious acts having effect in this District.

## FACTUAL BACKGROUND

10. Amperion is the owner, *inter alia*, of the following six United States Patents (collectively, the "Amperion Patents") which cover BPL technology:

   a. U.S. Pat. No. 5,684,450 ("the '450 patent"), a true and correct copy of which is attached hereto as Exhibit A;

   b. U.S. Pat. No. 5,929,750 ("the '750 patent"), a true and correct copy of which is attached hereto as Exhibit B;

   c. U.S. Pat. No. 5,933,071 ("the '071 patent"), a true and correct copy of which is attached hereto as Exhibit C;

   d. U.S. Pat. No. 6,144,292 ("the '292 patent"), a true and correct copy of which is attached hereto as Exhibit D;

   e. U.S. Pat. No. 6,172,597 B1 ("the '597 patent"), a true and correct copy of which is attached hereto as Exhibit E;

   f. U.S. Pat. No. 6,282,405 B1 ("the '405 patent"), a true and correct copy of which is attached hereto as Exhibit F.

11. Current is a provider of electric distribution smart grid products and services, including products that utilize BPL technology.

12. Current delivers integrated broadband internet data and utility services domestically and internationally. Through a joint venture with Cinergy Corp., traded on the New York Stock Exchange, Current provides BPL services to homes and businesses within Cinergy's operating territory.

13. Current has strategic investments from Goldman, Sachs & Co., Google, the Hearst Corporation, EnerTech Capital, and Liberty Associated Partners, LP.

14. In February 2010, Current announced a joint smart grid offering with Verizon Communications, headquartered in New York, pursuant to which the two companies intend to combine intelligent distributed sensing from Current with an Internet Protocol-based solution from Verizon to enable real-time power consumption and analyses communications between electric companies and sensors displayed on their networks.

15. Oncor is an electrical distribution and transmission company that utilizes BPL technology provided by Current as part of its electrical utility operations.

16. On July 12, 2010, Oncor announced a pilot program with Montebello, New York based Gateway Power pursuant to which Oncor's installed smart meters will be available to Gateway Power's customers as part of a two time-of-use rate structure incentive intended to shift power usage to off-peak hours.

17. On information and belief, Oncor's smart meters infringe on Amperion's patents.

18. The patents owned by Amperion are part of Amperion's pioneering portfolio in the BPL Industry dating back to 1992. They are foundational patents that make it possible to communicate at high speeds over power lines and cover power line communication networks

employing TDMA, FDMA and/or CDMA.

19.     Amperion's patents broadly cover the method of sending signals over a power line network at frequencies above 1MHz.

20.     Amperion's patents have been challenged unsuccessfully in the past. For example, in 2004, Siemens AG and ABB of Switzerland challenged Amperion's patents and the European Patent Office and the Board of Appeal ruled in favor of Amperion and declared the patent at issue both novel and inventive over all known prior art. Likewise, in 2008, International Broadband Electrical Communications, Inc. ("IBEC") commenced a lawsuit in the United States District Court for the Northern District of Alabama against Amperion for patent infringement and a declaratory judgment of non-infringement; IBEC settled with Amperion and acknowledged the validity and enforceability of Amperion's patents. Similarly, Amperion S.E. arbitrated with Amperion before the London Court of International Arbitration in 2008 and resolved its differences with Amperion, again acknowledging the validity and enforceability of Amperion's patents.

21.     On or about March 23, 2010, Amperion sent Current a letter alleging that Current infringes the Amperion Patents. A true and correct copy of Amperion's March 23, 2010 letter is attached as Exhibit G.

22.     On or about March 23, 2010, Amperion sent Oncor a similar letter, alleging that Oncor infringes the Amperion Patents. More specifically, Amperion's letter alleged that "It is [Amperion's] position that Oncor is directly infringing on Amperion's patents and possibly inducing infringement of Amperion's patents as well." A true and correct copy of Amperion's March 23, 2010 letter to Oncor Electrical Group, Inc. is attached as Exhibit H.

23.     On April 8, 2010, Oncor sent a letter to Amperion acknowledging Amperion's March 23, 2010 letter. Oncor offered to meet with counsel for Amperion to discuss the nature of

Amperion's concerns. Oncor also requested additional detail supporting the assertions made in Amperion's March 23, 2010 letter. A true and correct copy of Oncor's April 8, 2010 letter is attached as Exhibit I.

24. On or about April 9, 2010, Amperion sent Oncor a letter in response to Oncor's April 8, 2010 letter. Amperion reiterated its infringement allegations against Oncor, describing a specific Oncor implentation of BPL technology that Amperion alleges infringes the Amperion Patents and claiming that "[t]here is strong reason to believe that this expansive network infringes upon Amperion's foundational BPL patents." Amperion also stated that "[s]hould litigation become necessary, we will aggressively and deliberately pursue our patent interests." A true and correct copy of Amperion's April 9, 2010 letter is attached as Exhibit J.

25. Following an April 19, 2010 meeting between representatives of Current and Amperion, on or about April 21, 2010, counsel for Amperion sent Current a letter following up on the discussions at the meeting. Amperion reiterated its infringement allegations, stating that "[Amperion] remain[s] resolute that Current Group is a contributory infringer of Amperion's BPL patents. . ." A true and correct copy of Amperion's letter is attached as Exhibit K.

26. On April 30, 2010, Current and Oncor filed a lawsuit in the United States District Court for the District of Massachusetts for a declaratory judgment against Amperion. Current and Oncor have not served that lawsuit nor taken any actions to perfect it.

27. As a result of the actions by Current and Oncor, an immediate, concrete, actual, substantial and justiciable controversy now exists between Amperion, Current and Oncor regarding defendants' infringement of the Amperion Patents. This is a substantial controversy between parties having adverse legal interests and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Amperion seeks a declaration from this Court resolving the present

controversy.

## COUNT I
### DECLARATORY JUDGMENT OF INFRINGEMENT OF THE AMPERION PATENTS WARRANTING INJUNCTIVE RELIEF

28. Amperion incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Amperion has accused Current of infringing the Amperion Patents by marketing and selling equipment that utilizes Amperion's patented BPL technology. Current has admitted to selling, and using and/or integrating equipment that utilizes BPL technology in the United States.

30. Amperion has accused Oncor of infringing the Amperion Patents by using equipment that utilizes Amperion's patented BPL technology.

31. Current and Oncor have infringed and are infringing, directly, indirectly, contributorily, or otherwise, the valid and enforceable claims of the Amperion Patents.

32. An actual and justiciable case or controversy exists between Amperion, Current and Oncor concerning the alleged infringement of the Amperion Patents, which requires a declaration of rights by this Court.

33. Based on the acts, conduct, and statements of Current and Oncor, Amperion has formed a reasonable apprehension and belief that Current and Oncor intend, and will continue, to infringe Amperion's patents.

34. Current's and Oncor's action of patent infringement have caused, and will continue to cause damage to Amperion.

35. Amperion is entitled to a judicial determination and declaration that Current and Oncor have infringed and are infringing, directly, indirectly, contributorily, by active inducement or otherwise, the valid and enforceable patents of Amperion.

36. Amperion has suffered and continues to suffer irreparable harm as a result of Current's and Oncor's actions. Amperion will continue to be harmed unless Current and Oncor are enjoined from infringing on Amperion's valid BPL patents.

37. Amperion is entitled to injunctive relief against Current and Oncor's continued infringement of Amperion's valid patents.

## COUNT II
### UNFAIR COMPETITION AND CONSPIRACY

38. Amperion repeats and realleges each and every prior allegation made in paragraphs 1 through 37 as if fully set forth herein.

39. In 2005, Current and Oncor entered into an agreement to transform Oncor's power distribution network into the nation's first broadband-enabled Smart Grid and agreed to design, build, and operate a BPL network over Oncor's electric grid. On information and belief, Current received approximately $90 Million from Oncor and Current agreed to indemnify Oncor for certain actions.

40. Current and Oncor deliberately, and in bad faith, have acted in concert wrongfully to misappropriate the labors and expenditures of Amperion, to infringe Amperion's patents, to tortiously interfere with Amperion's prospective business opportunities, and to unlawfully monopolize the BPL space, with the intention of driving Amperion out of the BPL market.

41. Current's and Oncor's conspiratorial and manipulative actions are anti-competitive and in bad faith, and by exerting their market power and influence, amount to unfair competition.

42. Current's equipment, which infringes Amperion's patents, powers the major BPL networks around the Country, including networks of utilities such as Duke Energy in Cincinnati, Oncor in Dallas/Ft. Worth, and Xcel Energy in Denver and Boulder, Colorado.

43. According to the BPL Database mandated by the Federal Communications Commission ("FCC"), published media reports, and the utilities' own documents, each of these BPL networks operate at frequencies above 1MHz.

44. Oncor's own October 2007 SEC 8-K filing describes Oncor's use of BPL technology and Current's equipment. "Overlaid in the existing electric distribution network, the Current BPL network will incorporate advanced digital communication and computing capabilities that provide real-time monitoring through the electric distribution network, which is expected to enable Oncor to: increase network reliability and power quality; prevent, detect, and restore customer outages more effectively; and implement advanced meter monitoring more efficiently."

45. Oncor engineer Larry Korhmann, in his February 1, 2010 article titled "Oncor Relies on BPL" in *Transmission & Distribution World*, describes Oncor's use of the technology with language evoking the Amperion foundational patents:

> "The Dallas BPL system reads meters, monitors network performance, supports automated switching and identifies areas of concern for Oncor operations engineers who use the information to pinpoint potential problems ... Backhaul points transition the data stream from fiber optics to BPL services. The power line bridges, located at single-phase distribution transformers within the BPL footprint, literally bridge around the distribution transformers to transition a BPL signal from medium-voltage distribution primary to low-voltage distribution secondary. There are two bridge configurations: pole mounted and padmounted. Low-voltage repeaters on distribution secondary repeat the BPL signal to reach meters on longer secondary runs. Both the backhaul points and the bridges use a coupler connected to the network element by a coaxial cable to transfer the BPL signal on and off the medium-voltage primary from the element. The bridges monitor voltage on both 120-V legs on the distribution secondary, capture readings at 0.1-second resolution and aggregate the data for reporting. Interval measurements are shipped back through the network and processed in the back office through several algorithms to produce actionable alarm information."

46. As a direct and proximate result of these actions by defendants in using, selling, offering to sell, and actually selling BPL technology owned by Amperion, Amperion has been

directly damaged in an amount to be proven at trial, but in an amount not less than $20,000,000 and such actions warrant an award of punitive damages in an amount not less than $100,000,000.

WHEREFORE, Amperion demands judgment as follows:

47.  On the First Cause of Action for a Declaratory Judgment Warranting Injunctive Relief, injunctive relief against Current's and Oncor's infringement of Amperion's patents;

48.  On the Second Cause of Action for Unfair Competition and Conspiracy, compensatory damages in an amount not less than $20,000,000 and punitive damages in an amount not less than $100,000,000;

49.  The costs and reasonable attorneys' fees incurred in prosecuting these claims; and

50.  Such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
       July 14, 2010

FENSTERSTOCK & PARTNERS LLP

By: _____
Blair C. Fensterstock
30 Wall Street, 9th Floor
New York, New York 10005
(212) 785-4100

*Attorneys for Plaintiff*